DAVID LEO WILLIAMSON AND CLETIS MOORE v. ANGELA B. BASINGER AND CHARLOTTE HOLLARS KRIMMINGER

No. 7619SC63

(Filed 7 July 1976)

1. **Automobiles § 88— contributory negligence — sufficiency of evidence**

    In an action for personal injury and property damage, evidence that plaintiff ran into defendant's vehicle which was parked on the traveled portion of the highway without any lights on, and that plaintiff failed to see the parked car prior to the actual collision created a reasonable inference that plaintiff was contributorily negligent in operating his vehicle without keeping a reasonable lookout, in failing to keep his vehicle under proper control, in traveling at a speed greater than reasonable and prudent under the circumstances, or in failing to reduce speed to avoid colliding with defendant's car.

2. **Automobiles §§ 86, 91— last clear chance of plaintiff — no damages awarded to defendant — any inconsistency not prejudicial**

    In an action for personal injury and property damage sustained in an automobile collision, any inconsistency in the verdict finding that plaintiff had the last clear chance to avoid the accident but refusing to award damages to either party was beneficial to plaintiff.

3. **Automobiles § 89— last clear chance — sufficiency of evidence**

    In an action for personal injury and property damage sustained in an automobile collision, even if the evidence was insufficient to invoke the doctrine of last clear chance, plaintiffs were not prejudiced by the submission of such an issue to the jury, since defendants were not awarded damages against plaintiff.

APPEAL by plaintiffs from *Kivett, Judge.* Judgment entered 27 August 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 7 May 1976.

On the evening of 9 July 1973, plaintiff Williamson was employed as a taxicab driver and operated a cab owned by plaintiff Moore. While carrying a fare passenger from North Kannapolis to China Grove, North Carolina, at approximately 11:45 p.m. of the same day, the cab driven by Williamson crashed into the rear of a car parked in the left northbound lane of Highway 29, some 350 feet beyond the intersection of U. S. 29 and Ebenezer Road in North Kannapolis. The parked car belonged to Charlotte Hollars Krimminger. Shortly before the accident Krimminger had loaned the car to her niece, Angela B. Basinger. Basinger testified that after she turned north onto U. S. 29 at the Ebenezer Road intersection, the car stalled. She attempted to start the car to no avail. Unable to move the

car off the highway by herself, she decided to return by foot to the place where her aunt (Krimminger) was working to obtain assistance. According to the narrative summary of Basinger's testimony, "[s]he stated that she was going to cut the lights back on but the car would not start and she didn't think the lights would come on, and if she left the lights on the battery would go dead and she would never get it out of the road; she stated she left the lights off; . . . "

Plaintiffs filed a complaint alleging that Basinger was negligent in that: (a) "she parked and left standing the 1963 Ford vehicle unattended upon the paved or improved or main travel portion of Highway 29, Cannon Boulevard, without leaving a clear and unobstructed width of 15 feet upon the main travel portion of the lane in which she was traveling for free passage of other vehicles and without leaving a clear view of such from a distance of 200 feet in both directions in violation of G.S. 20-161(a)"; and (b) "she failed to display upon the vehicle which she operated a red light visible from a distance of 500 feet to the rear in volation of the form and proscription contained in G.S. 20-134 of the North Carolina General Statutes"; and as a result of her negligence, plaintiff Williamson suffered serious personal injuries and plaintiff Moore's cab was damaged beyond repair. Defendants denied negligence on their part and further alleged that Williamson's injuries and the damage to Moore's cab were caused by Williamson's negligence in failing to maintain a proper lookout, operate the cab at a reasonable and safe speed under the circumstances, decrease speed in order to avoid the collision, or exercise the last clear chance to avoid the collision. In addition defendants asserted a counterclaim against plaintiffs to recover for the damage done to defendant Krimminger's car.

At the close of plaintiffs' evidence, defendants moved for a directed verdict on the theory that the evidence revealed that Williamson, the driver of the cab, was contributorily negligent as a matter of law. This motion was denied. At the close of all the evidence, plaintiffs moved for a directed verdict with respect to defendants' counterclaim on the grounds that defendant Basinger was contributorily negligent as a matter of law for leaving the stalled car in the highway without turning on the rear lights. Also plaintiffs moved that the evidence was insufficient to justify submission of the issue of their contributory negligence to the jury. Both of plaintiffs' motions were denied.

The jury returned the following verdict:

"1. Were the plaintiffs Williamson and Moore injured and damaged by the negligence of the defendants Basinger and Krimminger?

ANSWER: Yes.

"2. Did the plaintiff Williamson, individually and as employee and agent of the plaintiff Moore, contribute to the plaintiff's own injury and damage?

ANSWER: Yes.

"3. What amount, if any, is the plaintiff Williamson entitled to recover of the defendants Basinger and Krimminger for personal injuries?

ANSWER: 0.

"4. What amount, if any, is the plaintiff Moore entitled to recover for damage to his 1966 Ford automobile?

ANSWER: 0.

"5. Did the plaintiff David Williamson have the last clear chance to avoid the collision?

ANSWER: Yes.

"6. What amount, if any, is the defendant Krimminger entitled to recover of the plaintiffs for damage to her 1963 Ford automobile?

ANSWER: 0."

Plaintiffs appealed.

*Carlton, Rhodes & Thurston, by Gary C. Rhodes, for the plaintiffs.*

*Kluttz and Hamlin, by Richard R. Reamer, for the defendants.*

BROCK, Chief Judge.

[1]   Initially plaintiffs argue that it was improper to submit the issue of Williamson's contributory negligence to the jury. The judge instructed the jury that plaintiff Williamson would be contributorily negligent if they found from the evidence that

he had (1) operated the cab without keeping a reasonable look-out, (2) failed to keep the cab under proper control, (3) traveled at a speed greater than reasonable and prudent under the circumstances, or (4) failed to reduce speed to avoid colliding with defendant Krimminger's car. According to the narrative summary of plaintiff Williamson's testimony at trial,

> "he [Williamson] observed a car turning right at the Ebenezer Road intersection at the stoplight; that the traffic light was on green and he, David Leo Williamson, was driving north; that he does not recall seeing any other vehicle and that when he hit the car he thought the car had come from the southbound lane across the median and hit him head-on. He didn't see any lights and didn't see the other car. He was in the northbound passing lane of Highway 29 because there was a car in the right-hand lane turning to the right. He then proceeded under the light at the Ebenezer Road intersection and did not see any vehicle in either lane in the road ahead. There were no lights in the vicinity and he saw no lights from any other vehicle. The lights from his vehicle were on at the time, but he did not recall whether they were on bright or dim, and did not recall whether he had dimmed them or not; he observed no other traffic at all ahead of him as he proceeded through the Ebenezer Road intersection and when he hit the other car he thought that another car might have come across the median and hit him. He did not see the other car at all before he hit it; that when the collision occurred, it stopped his car dead-still and knocked the other car up a little ways; . . . "

Williamson's failure to see the parked car prior to the actual collision under the circumstances of this case creates a reasonable inference that he was contributorily negligent in one or more of the several modes described in the judge's instruction. This assignment of error is overruled.

[2]  Plaintiffs contend that the trial judge erred in not setting aside the verdict for patent inherent inconsistency. Plaintiffs argue that since the jury found both plaintiff Williamson and defendant Basinger negligent, and further found plaintiff Williamson to have had the last clear chance to avoid the accident, but refused to award damages to either party, the verdict is inconsistent and ought to be set aside. The jury found that

plaintiff had the last clear change to avoid the accident; if the jury had been satisfied by the greater weight of the evidence that Krimminger's car was damaged, the defendant would be entitled to an award of damages. Yet it was the plaintiffs, not defendant, who moved to set aside the verdict. There is no suggestion that the judge abused his discretion by denying plaintiffs' motion. Moreover, rather than produce prejudicial error, the inconsistency of which plaintiffs complain was beneficial to them. This assignment of error is overruled.

[3]   Finally plaintiffs argue that the evidence was insufficient to invoke the doctrine of last clear chance. Even if this contention were correct, plaintiffs were not prejudiced by the submission of the issue of last clear chance to the jury. Although the jury found that plaintiff Williamson had failed to exercise the "last clear chance" to avoid the collision with defendant's car, defendants were not awarded damages against plaintiff. This assignment of error is overruled.

In view of the finding by the jury that plaintiff was negligent, and our conclusion of no error upon the negligence issues, plaintiffs' assignments of error concerning medical testimony are rendered academic and require no discussion.

In our opinion plaintiffs received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.